```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jose T. Meza

    v.                                    Civil No. 12-cv-426-LM

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility


**REPORT AND RECOMMENDATION**

Before the Court is petitioner Jose Meza's response (doc. no. 19) to this court's Order (doc. no. 18) directing Meza to show cause why his petition should not be dismissed as untimely.

**Background**

Meza was convicted and sentenced, pursuant to his guilty plea, on April 5, 2007. Accordingly, his conviction became final thirty days later, on May 5, 2007, when his time for taking a direct appeal expired. Meza had until May 5, 2008, one year from that date, to file a timely petition for a writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d), absent facts that demonstrate that he is entitled either to exempt time from, or equitably toll, the limitations period. See id.

In an order issued December 11, 2014, this court found that state court paperwork submitted by Meza, in support of his § 2254 petition, indicated that the petition may have been untimely filed. The court thus granted Meza leave to show cause why the petition should not be dismissed as time-barred. In the Order, the court indicated that Meza, to make that showing, had to demonstrate that he was engaged in post-conviction proceedings in the state courts between May 5, 2007, and May 5, 2008, to demonstrate that time should be deducted from the limitations period, or show that he "otherwise was diligently pursuing his rights prior to November 25, 2009," the date he initiated post-conviction litigation in the state courts, to show that equitable tolling is warranted here, such that his petition might be deemed timely filed.

## Discussion

I.  Post-Conviction State Court Litigation

Nothing in Meza's response indicates that he took any action to challenge his conviction in the state court between May 5, 2007, when his conviction became final, and May 5, 2008, when the limitations period in his case expired. Meza filed his first state court challenge to his conviction on October 30,

2009, more than five months after the limitations period for filing a federal habeas claim had run. Therefore, the court finds that no time should be excepted from the one-year limitations period on that basis.

II. Equitable Tolling

To demonstrate entitlement to equitable tolling, Meza must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition. McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); see also Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012). Meza argues that he has been pursuing his rights diligently and that the court should toll the limitations period in this case, because he did not receive records from his trial attorneys' files until 2012, and that information therein provides him with grounds upon which to challenge his conviction in this court.

The problem with Meza's position, is that nothing in the record, or in his most recent filing, indicates that he made diligent efforts to obtain those case files prior to the expiration of his limitations period, or that he was somehow

3

prevented from doing so.  The earliest date upon which he has shown that he requested his attorneys' files, according to the exhibits filed with his response (doc. no. 19), is July 25, 2010, when he asked his trial attorney to mail him a CD from his file.  In 2011, and thereafter, Meza made requests for other documents from the case file, finally obtaining the entire file pursuant to a court order in 2012.

Because Meza has failed to demonstrate facts sufficient to show either diligent pursuit of his rights or that extraordinary circumstances prevented him from doing so, he has not shown entitlement to tolling of the limitations period in this case. Accordingly, Meza has failed to show cause why his petition should not be dismissed as untimely filed, and the court now recommends that it be dismissed on that basis.

### Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party."  § 2254 Rule 11(a).  The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  Meza has failed to make such a showing.  Accordingly, the district judge should decline to issue a certificate of appealability in this case.

## Conclusion

For the foregoing reasons, the district judge should dismiss this case as untimely, and should decline to issue a certificate of appealability in this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 27, 2015

cc:  Jose T. Meza, pro se